# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SHIPCO TRANSPORT, INC,

                       Plaintiff,

v.

ROST INTERNATIONAL, INC., ARROGANT STEEL, LLC, GOLDEN VOYAGE PLASTICS, INC AND ALL ROUND EXPRESS, INC. d/b/a ALL ROUND LOGISTICS,

                       Defendants.

CIVIL ACTION No.

COMPLAINT

Plaintiff, Shipco Transport, Inc., having a place of business at 80 Washington Street, Hoboken, NJ by way of complaint against the defendant, says:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction herein is based on the Court's Maritime Jurisdiction, and particularly, F.R.C.P. 9(h), 28 U.S.C. §1333 and 46 U.S.C. 30701, et. seq.

2. The parties hereto, or their agents and/or authorized representatives were all parties to a certain bill of lading for the transport of cargo by international ocean freight, which designated The U.S. District Court for the Southern

District of New York as the forum for disputes thereunder, making this Court proper for both personal jurisdiction and venue.

3. Defendants Arrogant Steel, Inc., Golden Voyage Plastics, Inc. and Rost International, Inc. are also physically located within the State of New York, and operating business therein.

## THE PARTIES

1. Plaintiff Shipco Transport, Inc. ("Shipco") is a corporation organized and existing under the laws of the State of New Jersey having its primary office at 80 Washington Street, Hoboken, NJ 07030.

2. Shipco is in the business of providing shipping, freight, and logistics services, and is a licensed by the Federal Maritime commission ("FMC") as a non-vessel operating common carrier ("NVOCC") and ocean freight forwarder ("OFF") by the Federal Maritime Commission.

3. Defendant Golden Voyage Plastics, Inc. ("Golden Voyage") is a corporation organized and existing under the laws of the State of New York having a place of business at 626 RXR Plaza, Uniondale, NY 11556.

4. Golden Voyage was the owner of certain cargo was the owner of certain cargo described, inter alia, "Nylon6/66 post industrial material regrind and runner" ("The Cargo")

5. Defendant Arrogant Steel, LLC ("Arrogant Steel") is a limited liability company organized and existing under the State of New York having a place of business at 98 Cuttermill Rd Ste 421N Great Neck, NY, 11021-3000.

6. Defendant Rost International, Inc. ("Rost") is a corporation organized and existing under the laws of the State of Florida having a principal address at 11450 West Sample Road, Coral Springs, FL 33065 and a local address at 167-16 146th Avenue, Jamaica, NY 11434.

7. Rost is licensed by the Federal Maritime Commission as an ocean freight forwarder ("OFF") bearing license number 016185.

8. All Round Express, Inc. d/b/a All Round Logistics ("All Round") is a corporation organized and existing under the State of California having a place of business 4185 Charter St, Vernon, CA  90058-2503

9. All Round is licensed by the Federal Maritime Commission as an ocean freight forwarder ("OFF") bearing license number 016185.

## FACTS COMMON TO ALL COUNTS

10.   On or about August 2, 2021 Rost, in the capacity of a licensed freight forwarder, nominated and booked The Cargo for shipping with Shipco, as directed by Arrogant Steel, as exporter, for transport from Pulaski, TN through the Port of Savannah, with the ultimate destination being Hong Kong.

11.     The shipment was booked through Shipco's office in Jamaica, NY, for transit to Hong Kong on the Cosco Peony.

12.     The Cargo was consigned to All Round's affiliate/representative in Hong Kong, who was listed as the "notify" party on the booking document.

13.     The booking document, called "Bill of Lading" had contained therein, and made part of the same by notices

14.     Upon information and belief, Arrogant Steel is engaged in the business of, inter alia, exporting steel and related products to locations outside of the United States.

15.     Upon information and belief, Golden Voyage retained Arrogant Steel as exporter to properly arrange to ship The Container, as sealed, to Arrogant Steel.

16.     On or about August 11, 2021, Golden Voyage, as the owner of The Cargo, caused The Cargo to be loaded into a shipping container bearing serial number CMAU5322344 ("The Container") at the location it's contracted plastics recycler in Pulaski, TN..

17.     The Cargo weighed 33280 pounds, or 15.13 metric tons.

18.     The Container was then sealed with seal number 02622153 ("The Seal"), a common practice in the shipping industry to prevent tampering in transit

and to ensure a recipient that cargo is received in the exact quantity and condition as transmitted.

19.    Thereafter, and prior to shipment, Golden Voyage provided to Arrogant Steel a packing slip containing evidence of The Cargo within the Container, including serial number or The Container and The Seal number.

20.    Arrogant Steel, then provided the same to Rost with the intention that it would be used to facilitate carriage of the container from where it was then located in Tennessee to Hong Kong via the Port of Savannah, GA.

21.    On or about September 2, 2021, The Cargo was tendered to Shipco for transit, and a draft "Pre-release" was issued, confirming the information necessary to allow The Cargo to be claimed upon receipt in Hong Kong, and fixing the cost of the contract of carriage at $2903.00, USD.

22.    In connection with the Pre-release, Shipco was directed to remove Arrogant Steel as exporter and replace their name with All Round, making All Round the named Shipper, Consignee and "notify" party. Rost remained as freight Forwarder on the pre-advice.

23.    The Cosco Peony arrived in Hong Kong on schedule on or about September 16, 2021, and All Round, as consignee and "notify" party was duly notified of its arrival by formal "Arrival Notice".

24.    An invoice for $3920.00 HKD was issued for Port handling and terminal charges. This sum is in addition to the costs of carriage set forth above.

25.    The issuance of said Arrival Notice triggered the obligation of All Round, as consignee, to claim The Cargo, have the same clear customs, and transported out of the port.

26.    All Round failed to timely do so.

27.    Shipco engaged in numerous, repetitive and ongoing efforts to attempt to get All Round to claim The Cargo as required.

28.    As a result of the failure of All Round to timely claim The Cargo, additional carrier and port charges, accrued, including, without limitation, demurrage and detention charges.

29.    Not only did All Round not claim The cargo as consignee in a timely fashion, by letter dated November 19, 2021, it disclaimed all responsibility for the Cargo.

30.    Efforts were thereafter undertaken to get Rost to abandon The Cargo, a process which allows the port and shipping line to dispose of it without liability to the owner.

31.    Rost reported that it attempted to contact its customer, Arrogant Steel, without success, who did not respond to its inquiries.

32.   Rost was asked to abandon The cargo, but it refused, stating that the ultimate owner, Golden Voyage was the proper party to make that decision, and they either were not or could not be contacted.

33.   Ultimately, during the month of December 2021, Shipco was able to effect abandonment of The Cargo at the Port of Hong Kong, and directed that The Cargo be devanned, and salvaged, and sold to offset the charges.

34.   Upon breaking The Seal and opening The Container, it was discovered that the contents reported by Rost, and Arrogant Steel as listed on the bill of lading of "nylon materials", and it was in fact, nylon waste product or "regrind" that was apparently known to be garbage and is often used for recycling.

35.   As a result, it could not be salvaged, and no value for The cargo was obtained.

36.   Shipco used its best efforts to mitigate its damages and induced the shipping line, Cosco, to reduce its demurrage and detention fees substantially.

37.   Nonetheless, not all charges were able to be abated.

38.   As a result of the foregoing contract of carriage and abandonment of The Cargo, there remains due owing and unpaid the sum of    USD for shipment, port charges, and related handling.

39.    Under the Terms and Conditions of Shipco's Bill of lading, liability for

such charges is found at Sec. 14 thereof, which provides:

> Without limiting Merchant's other indemnity obligations herein, Merchant agrees to fully indemnify and hold harmless Carrier against all claims or liabilities or damages or costs or expenses or duties, taxes or fines or penalties or imposts and any demands or charges or fees (including but not limited to attorneys' fees) or expenses, of whatsoever kind, nature or amount and whether direct or indirect, arising or in connection with and without limitation from: (i) any Merchant's breach of any applicable law or obligation or contract or undertaking or warranty or guarantee or representation or any provision of this Bill including but not limited to any resultant loss or damage or delay to any property whatsoever or the environment, or death or injury, or (ii) any cause whatsoever for which Carrier is not responsible or liable, or (iii) any liability whatsoever which exceeds Carrier's liability under this Bill, or (iv) related to Services for Livestock, or (v) any act or error or omission whatsoever of Merchant.

40.    The term "Merchant" is a defined term within the terms and Conditions,

which provides:

> The shipper, the consignee, the receiver of the Goods, the holder of this Bill, any Person owning or entitled to the possession of the Goods or this Bill, any Person having a present or future interest in the Goods or Bill or any Person acting on behalf of any of the foregoing Persons.

41.    Each of the Defendants is a "Merchant" under the terms and

Conditions of the Bill of Lading, as that term is defined therein, as set

forth above.

42.    Under the terms and conditions, all Merchants are responsible for all freight and subsequent charges, including, without limitations, demurrage and detention.

43.    Accordingly, each Defendant is independently liable for the whole of the charges that are due, owing and unpaid.

44.    Further, the terms and condition provide that each merchant is responsible for interest at 6% per annum of all charges and attorneys fees as a result of all non-payments.

45.    These additional sums shall also be due at the time of judgment.

46.    There remains due, owing and unpaid the sum of $21,671.00, which has now accrued various interest and collection fees in accordance with contract.

47.    Payment has been demanded and has not been made.

48.    There is a sum of $21,671.00 due to Shipco from the Defendants, on a certain book account.

## SECOND COUNT

49.    Shipco incorporates by reference the allegations of the First Count as if set forth herein at length.

50.    Shipco sues the defendants for goods sold and delivered and/or services rendered by the plaintiff to the defendant upon the promise by the defendant to pay the agreed amount for said goods and/or services.

### THIRD COUNT

51.    Shipco incorporates by reference the allegations of the First Count and Second Count as if set forth herein at length.

52.    Shipco sues the defendant for the reasonable value upon the promise of the defendant(s) to pay a reasonable price for goods sold and delivered and/or services rendered,

53.    Payment has been demanded and has not been made.

### FOURTH COUNT

54.    Shipco incorporates by reference the allegations of the First Count, Second Count, and Third Count as if set forth herein at length.

55.    Defendants contracted with Shipco for shipping and related services in and for all related charges.

56.    Defendant has received all due consideration but has refused to comply with its contractual obligations.

57.    Defendant has thereby breached its contract with Plaintiff.

58.    As a direct and proximate result of said breach, Plaintiff has been profoundly damaged.

## FIFTH COUNT

59.   Shipco incorporates by reference the allegations of the First Count, Second Count, Third Count and Fourth as if set forth herein at length.

60.   The Bill of lading constitutes a contract of carriage.

61.   Defendants, individually and through their respective authorized agents, contracted for shipping and related services as set forth herein.

62.   Defendants has received all due consideration but have refused to comply with its contractual obligations.

63.   Defendants has thereby breached its contract with Plaintiff.

64.   As a direct and proximate result of said breach, Plaintiff has been profoundly damaged.

65.   Shipco is now due all damages, included attorneys' fees and interest, as a result of the breach of said contract of carriage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A) As and for the First Count, Shipco demands judgment against the defendants for $21,671.00, together with contract interest, costs of suit and reasonable attorney's fees;

B) As and for the Second Count, Shipco demands judgment against the defendants for $21,671.00, together with contract interest, costs of suit and reasonable attorney's fees;

C) As and for the Third Count, Shipco demands judgment against the defendants for $21,671.00, together with contract interest, costs of suit and reasonable attorney's fees;

D) As and for the Fourth Count, Shipco demands judgment against the defendants for $21,671.00, together with contract interest, costs of suit and reasonable attorney's fees;

E) As and for the Fifth Count, Shipco demands judgment against the defendants for $21,671.00, together with contract interest, costs of suit and reasonable attorney's fees;

F) For Costs of Suit; and

G) For such other and further relief as the Court deems just and equitable.

Respectfully submitted,

Dated: New York, NY                    /s/ *Marlo J. Hittman*
February 17, 2023                      Marlo J. Hittman (MH 2330)
                                       100 John Street, #1512
                                        New York, NY 10038
                                       973-751-7000(ph)
                                       973-751-7066(fax)
                                       201-264-3850 (c)
                                        E: marlo@hittmanlaw.com
                                        Counsel for Plaintiff