UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/31/2024
```

| | |
|---|---|
| SHIPCO TRANSPORT, INC., | |
| Plaintiff, | 23 Civ. 01374 (JHR) |
| -v.- | ORDER OF DISMISSAL |
| ALL ROUND EXPRESS, INC., et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

On February 17, 2023, Plaintiff Shipco Transport, Inc. brought this maritime action alleging breach of a bill of lading against Defendants Rost International, Inc. ("Rost"), Arrogant Steel, LLC ("Arrogant Steel"), Golden Voyage Plastics, Inc. ("Golden Voyage Plastics") and All Round Express, Inc. ("All Round Express"). ECF No. 1 (Compl.). "[N]one of the Defendants have . . . been served," ECF No. 21 (Oct. 24 Ltr.) at 1, which Plaintiff concedes is in violation of Rule 4(m) of the Federal Rules of Civil Procedure. *Id.*; *see* Fed. R. Civ. P. 4(m) (requiring service "within 90 days after the complaint is filed"). Plaintiff moves for additional time to serve all four Defendants. Oct. 24 Ltr. at 1-2. For the reasons set forth below, the motion is denied, and the Court dismisses this action without prejudice.

I.     PROCEDURAL HISTORY

On February 17, 2023, Plaintiff filed the Complaint in this case. *See* Compl. On February 21, 2023, the Clerk of Court issued summonses to the Defendants. ECF Nos. 10-13. On October 17, 2023, the Court issued an Order to Show Cause directing Plaintiff to "file a letter explaining why it ha[d] failed to serve the summons and Complaint within the 90 days prescribed by Rule 4(m) of the Federal Rules of Civil Procedure—or, if Plaintiff believe[d] that Defendants ha[d] been served, when and in what manner such service was made." ECF No. 14 (Oct. 17 Order to Show Cause). On October 24, 2023, Plaintiff filed a letter stating that "none of

the Defendants ha[d] yet been served." Oct. 24 Ltr. Plaintiff represented that Defendants Rost, Arrogant Steel, and Golden Voyage Plastics were "unable to be served at the initial addresses[,] and the Plaintiff has not provided alternatives that we hope will lead to service." *Id.* at 1. With respect to Defendant All Round Express, Plaintiff "believe[d] the address that we ha[d was] . . . incorrect[.]" *Id.* Moreover, according to Plaintiff, "at least part of the delay resulted from health issues . . . which are now on the mend following surgery." *Id.* at 1-2. Plaintiff requested that the October 17 Order to Show Cause be "dismissed without further action having been taken, or that the service period be otherwise extended[.]" *Id.* at 2. More than three months later, Plaintiff still has not filed proof of service on any Defendant.

## II.     LEGAL STANDARD

Pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, a "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Rule 4(m) requires that service be effected "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Rule 4(m) further provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

"[I]f the plaintiff shows good cause for the failure," however, "the court must extend the time for service for an appropriate period." *Id.* "[G]ood cause" exists only in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013). The party seeking a good cause extension "'bears a heavy burden of proof,' which is not satisfied by 'a showing that the plaintiff encountered some unanticipated difficulty.'" *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 402 (S.D.N.Y. 2020) (quoting *Spinale v.*

*United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005)) (dismissing case for failure to timely serve).

### III. DISCUSSION

#### A. Plaintiff Has Not Shown Good Cause for an Extension of Time to Serve the Complaint

As Plaintiff acknowledges, "none of the Defendants [were] . . . served" within 90 days of the filing of the Complaint on February 17, 2023. Oct. 24 Ltr. at 1. Thus, "the court . . . must dismiss the action without prejudice" unless "plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Plaintiff avers that, in March 2023, Defendants Rost, Arrogant Steel, and Golden Voyage Plastics were "unable to be served at the initial addresses" and that "Plaintiff has not provided alternatives." Oct. 24 Ltr. at 1; *see also* ECF Nos. 18-20. There is no indication that Plaintiff attempted to serve those Defendants again. With respect to Defendant All Round Express, as to which Plaintiff "believe[d] the address that we ha[d was] incorrect," Oct. 24 Ltr. at 1, Plaintiff has not referenced any attempt to effect service within the requisite 90 days. *See id.*

In several respects, in requesting that "additional time be granted to . . . allow service of process for each Defendant to be attempted again," *id.,* Plaintiff has failed to discharge the "heavy burden" to establish good cause. *See Kogan*, 334 F.R.D. at 402. First, regarding Plaintiff's inability to obtain addresses, "it is 'the responsibility of [a plaintiff's] attorney—and not the Court or Defendants—to ensure that all Defendants were properly served.'" *See Junior-Donohue v. Fudge*, 23 Civ. 2474, 2023 WL 5152299, at *2 (S.D.N.Y. Aug. 10, 2023) (holding that good cause to extend time to serve process was not shown where opposing counsel "refus[ed] to provide an address for service") (quoting *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013)).

3

Second, "although Plaintiff's counsel briefly mentions that his capabilities are limited because of consequences from [health issues]," "he does not explain how these health challenges prevented him from either achieving service or enlisting aid in doing so within 90 days." *Id.* at *3. Absent "more detail, this general assertion cannot meet the burden of proof required by the good cause standard." *Id.*; *see Reece v. Ponte*, No. 18 Civ. 7385, 2020 WL 2790502, at *3 (E.D.N.Y. May 30, 2020) ("Despite the sympathetic and difficult circumstances presented by an elderly parent's illness, plaintiff's counsel has not provided any explanation why a process server could not have been utilized to effect proper service of process on the defendants since the action was commenced."); *Gibbs v. Imagimed, LLC*, No. 11 Civ. 2949 (ER), 2013 WL 2372265, at *2 (S.D.N.Y. May 30, 2013) (declining to extend time to serve and finding plaintiff did not demonstrate good cause where counsel "'had to give up his office and practice at home because of ill health of his wife,' who was suffering from a heart condition, and he had to take care of his two teenage daughters").

### B  Plaintiff Is Not Entitled to a Discretionary Extension of Time to Serve

"Courts have discretion to grant equitable relief through extensions for service in the absence of good cause." *Kogan*, 334 F.R.D. at 404 (declining to grant an equitable extension to serve and noting that "while courts '*may* grant an extension in the absence of good cause,' they are 'not required to do so.'" (quoting *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007)). Absent good cause, "the plaintiff must ordinarily advance some colorable excuse for neglect" to obtain a discretionary extension. *Zapata*, 502 F.3d at 198. "In deciding a motion to extend the time limit of Rule 4(m), courts typically consider four factors: '(1) whether the applicable statute of limitations would bar [a] refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting

4

of plaintiff's request for relief from the provision.'" *Benites v. New York Dep't of Corr. & Cmty. Supervision*, No. 21 Civ. 6863 (CM), 2023 WL 1966181, at *2 (S.D.N.Y. Feb. 13, 2023) (quoting *Songhorian v. Lee*, No. 11 Civ. 00036 (CM), 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012)). Here, all four factors favor Defendants.

With respect to the first factor, Plaintiff does not address "the applicable statute of limitations." *Junior-Donohue*, 2023 WL 5152299, at *3 (holding that without "evidence that some applicable statute of limitations would bar Plaintiff from refiling this action, this factor does not favor Plaintiff"). Regarding the second factor, the docket does not reflect any notices of appearance on behalf of Defendants or other evidence that Defendants "had actual notice of the claims asserted." *See Colds v. Smyth*, No. 22 Civ. 2023 (CS), 2023 WL 6258544, at *11 (S.D.N.Y. Sept. 26, 2023) (dismissing claims where "Plaintiff presents no argument that [defendants] ha[d] notice of the action, or even that Plaintiff has had any contact with them or made any effort to serve them"). Therefore, "the second factor [also] favors Defendants." *See Benites*, 2023 WL 1966181, at *4 (observing that Plaintiff had "offer[ed] no evidence" that "Defendants had actual notice of Plaintiff's claims asserted in the complaint").

Third, there is no indication that any Defendant has "attempted to conceal the defect in service." *See Benites*, 2023 WL 1966181, at *2; *Colds*, 2023 WL 6258544, at *11 (dismissing claims and finding the concealment factor "d[id] not aid Plaintiff" because the "record [was] silent as to any notice to Defendants of the existence of this lawsuit, and by definition they could not have concealed a defect in service of which they were unaware"). Thus, this factor favors Defendants as well.

The final factor, "whether defendant[s] would be prejudiced by the granting of plaintiff's request," *Junior-Donohue*, 2023 WL 5152299, at *2, favors Defendants because "'[t]he self-evident purpose of Rule 4(m) is to speed litigation and to discourage haphazard and delayed

service.'" *Id.* at *4 (quoting *Benites*, 2023 WL 1966181, at *2); *see also Colds*, 2023 WL 6258544, at *12 (similar). "Plaintiff's failure to seek an extension or proactively address service issues before the statutory deadline . . . weighs against [it]." *See Colds*, 2023 WL 6258544, at *12. Plaintiff "did not even request leave to file . . . an extension of time to serve [D]efendants until" more than five months after the Rule 4(m) deadline and more than eight months after initiating this action. *See Kogan*, 334 F.R.D. at 402 (dismissing case where plaintiff failed to seek "an extension of time to serve defendants until six months after the Rule 4(m) deadline and nine months after the filing of his original Complaint"); *Zapata*, 502 F.3d at 199 (affirming dismissal for failure to serve under Rule 4(m) where plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay"). In addition, in more than three months since Plaintiff filed its response to the October 17 Order to Show Cause, Plaintiff still has not filed proof of service on the docket or "offer[ed any] . . . indication concerning when service will be achieved." *Junior-Donohue*, 2023 WL 5152299, at *4. Plaintiff "has not advanced a colorable excuse for his neglect" by "adequately explain[ing] [its] failure to serve the defendants by the 90-day deadline" beyond the limited efforts discussed in the October 24 Letter. *See Ortiz v. 5 Star Valet LLC*, No. 22 Civ. 6871 (GHW), 2022 WL 17418368, at *2 (S.D.N.Y. Dec. 2, 2022). In sum, "[i]t appears that Plaintiff simply neglected this case until prompted by the Court's order." *See id*.

      Finally, Plaintiff "is represented by a licensed attorney [which] favors denial of the motion [for an extension]." *Benites*, 2023 WL 1966181, at *5. For the foregoing reasons, a discretionary extension of time to effect service is not warranted. *See Colds*, 2023 WL 6258544, at *12.

## IV. CONCLUSION

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court hereby dismisses this action without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 31, 2024
       New York, New York

                                        JENNIFER H. REARDEN
                                        United States District Judge